UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD AUDI,<br><br>           Plaintiff,<br><br>    v.<br><br>SAM'S WEST, INC. et al.,<br><br>           Defendants. | CIVIL ACTION NO. 3:20-CV-00557<br><br>(MEHALCHICK, M.J.) |

### **MEMORANDUM**

Before the Court is a Motion to Remand to State Court filed by Plaintiff Edward Audi on February 5, 2021, and a Motion to Amend/Correct Defendants' Notice of Removal filed by Defendants Sam's Club and Sam's West, Inc. (hereinafter collectively known as "Defendants") on February 19, 2021.[1] (Doc. 21; Doc. 17). Plaintiff requests that the current matter be remanded back to state court due to Defendants' failure to allege diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 17, at 1, 2). Defendants seek leave to amend the notice of removal. (Doc. 21, at 4). For the following reasons, the Court will grant Plaintiff's motion to remand and deny Defendants' motion to amend the notice of removal.

---

[1] Defendants also filed a motion for extension of time to extend case deadlines on February 5, 2021, which the Court will deny as moot. (Doc. 18).

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On April 3, 2020, Defendants removed this matter to the United States District Court for the Middle District of Pennsylvania from the Court of Common Pleas for Luzerne County, Pennsylvania. (Doc. 1, at 3). Defendants filed their answer to Plaintiff's Complaint on April 10, 2020. (Doc. 3). On February 5, 2021, Plaintiff filed a motion to remand to state court. (Doc. 17). In his motion, Plaintiff submits that Defendants failed to make any averments of "locations of 'citizenship' of the parties" or of "damages meeting the $75,000 threshold for possible federal jurisdiction based on any diversity of citizenship" and that the "matter should be remanded back to state court for lack of jurisdiction." (Doc. 17, at 1-2). On February 19, 2021, Defendants filed a motion to amend/correct their notice of removal. (Doc. 22; Doc. 21). These motions have been fully briefed and are ripe for disposition. (Doc. 23; Doc. 25).

**II.    REMOVAL STANDARD**

The removal of cases from state courts to federal courts is governed by 28 U.S.C. §§ 1441–1455. Under § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In the case at bar, Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441(b), invoking diversity of citizenship under 28 U.S.C. § 1332(a). (Doc. 1, at 2). This provision states that a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Section 1446 of the removal statute further sets forth the procedures for removal, explaining that a defendant seeking removal of an action must file a petition for removal with the district court that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action. 28 U.S.C. § 1446(a). In addition, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. §§ 1446(b). After a case has been removed, a plaintiff may move to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Ramos v. Quien,* 631 F.Supp.2d 601, 607 (E.D. Pa. 2008) (quoting *PAS v. Travelers Ins. Co.,* 7 F.3d 349, 352 (3d Cir.1993)). However, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal with all doubts resolved in favor of remand. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 – 109 (1941); *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "If the citizenship of the parties is not disclosed in the complaint, the case is not removable unless the defendant can affirmatively plead and later prove the existence of diversity." *Balilaj v. Marshalls, Inc.*, No. CIV.A. 03-5908, 2004 WL 437448, at *2–4 (E.D. Pa. Mar. 2, 2004) (citing 16 James Wm. Moore et al., *Moore's Federal*

*Practice* ¶ 107.14 (3d ed. 2002)); *see also Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674, 674–75 (E.D. Pa. 2018) ("[W]here, as here, it is not apparent from the face of the complaint that a case is removable, a defendant may remove within thirty days of receipt of an amended complaint, motion, order, or 'other paper' from which it may first be ascertained that the case is removable.") (citing 28 U.S.C. § 1446(b)3)). The Third Circuit has also repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Samuel–Bassett*, 357 F.3d at 396. Moreover, "a defendant utilizing diversity for removal must show that diversity existed not only upon removal but also at the time of commencement of the action in state court." *Fiorentino v. Huntingside Assocs.*, 679 F. Supp. 3, 5 (E.D. Pa. 1987) (citing *Kerstetter v. Ohio Casualty Ins. Co.,* 496 F.Supp. 1305, 1307 (E.D. Pa. 1980)); *Ellerbee v. Union Zinc, Inc.,* 881 F.Supp. 162, 164 (E.D. Pa. 1995).

**III.   DISCUSSION**

    A.   MOTION FOR REMAND

In moving to remand, Plainitff argues that Defendants have not sufficiently established the jurisdictional requirement of diversity of citizenship. (Doc. 17, at 2). Specifically, Plaintiff alleges that the notice of removal "makes no averments regarding Plaintiff's 'citizenship,' but rather merely his residency" and that "Defendants have failed to properly aver and satisfy their burden to establish diversity jurisdiction." (Doc. 17, at 2). In response, Defendants argue that their failure to allege citizenship is a mere technical defect and that they should be allowed a curative amendment to correct such deficiencies. (Doc. 24, at 10, 17-18).

In challenging the propriety of removal, Audi claims that the Defendants failed to adequately allege the parties' citizenship in their Notice of Removal. (Doc. 17, at 1-2). As discussed *supra*, "[i]f the grounds [for removal] are premised on diversity, the notice [of removal] must allege diversity at the time of the commencement of the action and at the time of the notice filing." *Moser v. Bostitch Div. of Textron, Inc.*, 609 F. Supp. 917, 918–19 (W.D. Pa. 1985). Here, Defendants' Notice of Removal avers as follows:

> 3. Plaintiff is a resident of Luzerne County, Pennsylvania. *See*, Ex. A.
>
> 4. The proper corporate Defendant, Sam's East, Inc., is a foreign corporation incorporated in Arkansas, with a principal place of business in Bentonville, Arkansas. *See,* Ex. A. Sam's East, Inc., is not a citizen of Pennsylvania.
>
> 5. The amount in controversy in the underlying action is believed to exceed $75,000, exclusive of interest and costs. *See*, Ex. A.

(Doc. 1, at 1-2).

Based on these allegations, Audi asserts that the notice of removal does not properly allege diversity of citizenship between the parties, as "[t]he Complaint contains no averments of locations of 'citizenship' of the parties." (Doc. 20, at 4). Defendants submit that this is merely a technical mistake and "they should be permitted leave to amend . . . to allege that Plaintiff is a citizen of Luzerne County, Pennsylvania." (Doc. 21, at 5-6). The Notice of Removal states that Audi is a *resident* of Luzerne County, Pennsylvania without referring to his citizenship. (Doc. 1, at 1). The terms "resident" and "citizen" are not interchangeable for diversity purposes and have distinct definitions under the law. *See McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile and the domicile of an individual is his true, fixed and permanent home and place of habitation.") (internal citations omitted); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)

("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (citations omitted). As such, the allegation that Audi is a *resident* of Pennsylvania "does not meet the jurisdictional requirement of 28 U.S.C. § 1332(a)." *See Camacho v. Cove Trader, Inc.*, 612 F. Supp. 1190, 1191 (E.D. Pa. 1985) (emphasis in original); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) ("Alleging residency alone is insufficient to plead diversity of citizenship.") (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n. 4 (3d Cir. 2012)); *Sayles v. Allstate Ins. Co.*, No. 3:16-CV-01534, 2016 WL 4701653, at *2 (M.D. Pa. Sept. 8, 2016) (noting that the defendant's notice of removal contained "defects in its diversity jurisdiction allegations" because it merely alleged that Plaintiff was a resident, as opposed to a citizen, of Pennsylvania); *Fiorentino v. Huntingside Assocs.*, 679 F. Supp. 3, 4 (E.D. Pa. 1987) (finding that diversity of citizenship is not shown by mere averments of a party's residence). "'[D]omicile' is not necessarily synonymous with 'residence,'" as one's "domicile is established by physical presence in a place *in connection with* a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (emphasis added); *see also Krasnov*, 465 F.2d at 1300 (to establish one's domicile, "the fact of residency must be coupled with a finding of intent to remain indefinitely."). While the Complaint and Notice of Removal include Audi's current address at the time of the filing of the Complaint, it makes no reference to his permanent residence or citizenship. (Doc. 1-2, at 3). The information in the Complaint also does not demonstrate that Audi intends to remain in Luzerne County, as required for the purposes of domicile. *See Holyfield*, 490 U.S. at 48. Therefore, despite the reference to Audi's current residential address included in the Complaint, the Notice of Removal does not adequately allege Audi's citizenship.

For these reasons, the Court finds that the Notice of Removal contains insufficient jurisdictional allegations regarding the Parties' citizenship, and on that basis, Plaintiff's Motion to Remand should be granted.

B. MOTION TO AMEND

In addition to opposing the motion to remand, Defendants seek leave of court to file an amended Notice of Removal. (Doc. 8, at 6-11). Specifically, Defendants submit that failing to properly allege the Parties' citizenship is a technical error that may be cured through amendment. (Doc. 21). Audi disagrees that such deficiencies are merely technical, submitting that citizenship is not apparent from the existing record. (Doc. 20, at 5).

28 U.S.C. § 1653 confers district courts with the power to remedy "inadequate jurisdictional *allegations*, but not defective jurisdictional *facts*." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (emphasis added); *see also Steele v. State Farm Mut. Auto. Ins. Co.*, No. CV 3:17-0004, 2017 WL 590276, at *2 (M.D. Pa. Feb. 14, 2017) ("If the jurisdictional error is simply a technical error in the notice, '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'") (quoting 28 U.S.C. § 1653); *Xia Zhao*, 2012 WL 1758145, at *2 (noting that § 1653 "permits jurisdictional amendments where jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'") (quoting *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 831 (1989)). Further, "[w]here… the existence of diversity jurisdiction is not contested and allegations of the parties' diverse citizenship are contained in other documents in the record, the court may deem 'technical' pleading deficiencies in the removal notice's jurisdictional allegations and may allow the removing party to cure them by amendment." *Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164–65 (E.D. Pa. 1995) (citing *Stellwagen v. Chemlawn Servs. Corp.,* No. 92 Civ.

6437, 1993 WL 9025, at *2 (E.D. Pa. Jan. 11, 1993) (allowing curative amendment to jurisdictional allegations in notice of removal where plaintiff "[did] not deny that diversity exist[ed]."); *Moser v. Bostitch Div. of Textron, Inc.*, 609 F. Supp. 917, 919 (W.D. Pa. 1985) (allowing opportunity to amend defendants' imperfectly stated grounds for jurisdiction, as no controversy existed "as to the diverse citizenship of the parties both at the time suit was commenced and at the time of removal")). Here, Audi states that there is no evidence of citizenship in the record and thus the pleading deficiencies are not technical because there is nothing to support diversity jurisdiction on its face. (Doc. 20, at 5). However, Defendants contend that "[c]itizenship is a jurisdictional allegation, and amendments to further substantive preexisting jurisdictional allegations are freely granted." (Doc. 21, at 11). As discussed *supra*, the allegations in the initial complaint do not sufficiently demonstrate that the Parties are of diverse citizenship. There is no evidence in the record to support Plaintiff's place of domicile. The Court does not deem the pleading deficiencies to be merely technical here, as the record does not support diversity jurisdiction on its face.[2] *See Ellerbee*, 881 F. Supp.

---

[2] The Court notes that the allegations in the complaint may not meet the amount in controversy requirement. *See* 28 U.S.C. § 1332(a). While the Defendants claim that "the amount in controversy in the underlying action is believed to exceed $75,000, exclusive of interest and costs," (Doc. 1, at 2), the complaint simply avers that Audi sought damages "in an amount in excess of $50,000.00 plus interest and costs." (Doc. 1-2, at 5). Additionally, Audi submits that the parties engaged in the mediation process and "[a]t no time [had] Plaintiff made any settlement demand in excess of $75,000, and at no time [had] Defendants made any settlement offer anywhere close to $75,000." (Doc. 20, at 7). Defendants state that "based upon a reasonable reading of the allegations made in Plaintiff's Complaint" "the amount in controversy exceeds $75,000." (Doc. 21, at 5). "A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed . . . [and] any doubts . . . should be resolved in favor of remand." *See Riley v. Avon Products,* No. 3:07-CV-0887, 2007 WL 2458546, at *1 (internal quotations omitted). Based on the allegations in the original pleading, the Court cannot affirmatively

at 164–65; see also *Darling v. Piniella*, No. CIV. A. 91-5219, 1991 WL 193524, at *4 (E.D. Pa. Sept. 27, 1991) ("In order to find that an indeterminate case is removable, the federal court must be able to look beyond the state court complaint to find facts supporting jurisdiction.") (citations omitted); *Fiorentino v. Huntingside Assocs.*, 679 F. Supp. 3, 5 (E.D. Pa. 1987) ("Since 'it appears that the case was removed improvidently and without jurisdiction,' remand is mandated.") (quoting 28 U.S.C. § 1447(c)); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 33–34 (3d Cir. 1985) (remanding case when it was not apparent that diversity jurisdiction existed, despite possibility of another removal in the future, as "a defect in subject matter jurisdiction can never be deemed harmless error."); *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F. Supp. 370, 371 (E.D. Pa. 1962) (finding that both the complaint and notice of removal failed to plead the required jurisdictional facts, and that an amendment would not be "an attempt to cure a defect but to make an entirely new allegation.").

Accordingly, the Court will deny Defendants' motion for leave to file an amended notice of removal, as this action's removability is not apparent from the existing record. The removal statute should be strictly construed and all doubts should be resolved in favor of remand, *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

---

conclude that the amount in controversy meets the requisite amount required for diversity jurisdiction.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (Doc. 17) is **GRANTED.** Defendants' Motion to Amend/Correct Notice of Removal (Doc. 21) is **DENIED**. Defendants' Motion for Extension of Time (Doc. 18) is **DENIED AS MOOT**.

An appropriate Order follows.

**BY THE COURT:**

**Dated: April 20, 2021**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**